UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOSEPH ROSIER,

    Plaintiff,

v.

CASE NO.:

FORWARD PROGRESS, INC.
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH ROSIER ("MR. Rosier" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, FORWARD PROGRESS, INC. ("Defendant"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover from Defendant overtime compensation, back wages, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. Prior to filing this lawsuit, Plaintiff sent a demand letter to Defendant to resolve this matter, but Defendant ignored same necessitating the filing of this lawsuit.

3. This action is intended to cover Defendant's wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

### PARTIES

4. Plaintiff was a non-exempt hourly worked who provided car wash and other related services for Defendant in Palm Beach County, Florida.

5. Defendant is a car wash who conducts business in, among other places, Palm Beach County, Florida.

## JURISDICTION

6. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover unpaid back wages, lost wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorney's fees and costs.

7. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

9. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203(d).

10. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

11. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce," or in the production and providing of services for commerce, within the meaning of § 3 (s)(1) of the Act.

13. Defendant has employees engaged in commerce, or in the production and providing of services for commerce, or employees handling, selling, or otherwise working on services or materials that have been moved in or produced for commerce by any person.

14. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on services or materials that had been moved in or produced for commerce.

16. At all times material hereto, Defendant accepted and processed payments from its clients and others, which were drawn on out-of-state bank accounts.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without staff members like Plaintiff.

## STATEMENT OF FACTS

18. Plaintiff worked for Defendant as a non-exempt hourly paid laborer from October 1988, until his unlawful termination on August 24, 2016.

19. Plaintiff mainly performed car wash services on Defendant's behalf.

20. During his employment, Plaintiff regularly worked in excess of forty (40) hours per week and estimates his average hours to be fifty-six (56) hours per week.

21. While Defendant would compensate Plaintiff for some of his hours worked over forty (40) each week, Defendant would unilaterally deduct, or refuse to account for, all of Plaintiff's hours worked, resulting in the underpayment of substantial amounts of overtime pay/hours.

22. Because of this, Defendant failed to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in a single workweek, as mandated by the FLSA.

23. Plaintiff made repeated requests, including within close temporal proximity to his termination, that Defendant properly compensate him for all overtime hours worked, which is protected activity as defined by 29 U.S.C 215(a)(3) of the FLSA.

24. On August 24, 2016, after the repeated demands by Plaintiff to Defendant to be properly compensated, Defendant unlawfully terminated Plaintiff's employment in retaliation for his demanding the correct overtime compensation under the FLSA.

25. Plaintiff's termination was in direct retaliation for engaging in the protected activity described above, and the stated reason for such termination is mere pretext.

26. Defendant violated the FLSA during Plaintiff's employment because:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant terminated Plaintiff for objecting to Defendant's illegal pay practices.

27. Upon information and belief, Defendant is in possession of Plaintiff's pay and time records. Therefore, Plaintiff cannot calculate, with certainty, the amount of overtime he is entitled to as a result of Defendant's violations of the FLSA on a week by week basis, absent full access to same.

**28.** Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiff re-alleges paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. Plaintiff, a non-exempt employee, worked in excess of the forty (40) hours per week for Defendant, for which Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

31. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

33. Plaintiff is entitled to liquidated damages as Defendant willfully engaged in the foregoing conduct, and/or had no good faith basis for failing to pay Plaintiff full and proper overtime compensation.

34. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week for which he was not properly paid, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION 29 U.S.C. §215(a)(3)

37. Plaintiff re-alleges and reavers paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

38. Plaintiff made repeated objections to Defendant's illegal pay practices during his employment in close temporal proximity to Plaintiff's termination.

39. Plaintiff specifically objected to Defendant's failure to pay his full and proper overtime compensation under the FLSA.

40. Prior to these objections, Plaintiff had no significant documented history of performance, attendance, or disciplinary problems that would have warranted his termination.

41. On August 24, 2016, as a result of his repeated objections to Defendant's illegal pay practices, Defendant unlawfully terminated Plaintiff's employment.

42. Any other reason given for Plaintiff's termination is mere pretext.

43. The retaliatory firing provision of the FLSA states that it is "unlawful for any person ... to discharge or in any other manner discriminated against an employee because such employee has filed any complaint ... under or related to this Act." 29 U.S.C. 215(a)(3).

44. The timing of Plaintiff's termination and his repeated complaints about Defendant's illegal pay practices create a sufficient connection between the protected activity and his termination.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour

provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week, as well as lost/back wages since the date of his termination;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime and back wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 21st day of June, 2017.

Respectfully submitted,

By: _____
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Richard Celler, Esquire
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*